**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CIVIL ACTION NO:**

| | |
|---|---|
| **Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10** | |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:** <br> **1634 H Road, Acton, ME 04001** |
| **Virginia M. DeBoer** | **Mortgage** |
| **Defendant** | **February 23, 2007** <br> **Book 15093, Page 0562** |

NOW COMES the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Virginia M. DeBoer as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, and Defendant, Virginia M. DeBoer, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, in which the Defendant is the obligor and the total amount owed under the terms of the Note is One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 610 E St. Andrew Place, #B150, Santa Ana, California 92705

5. The Defendant, Virginia M. DeBoer, is a resident of Acton, County of York and State of Maine.

## FACTS

6.  On August 24, 1979, by virtue of a Warranty Deed from H. Carl Feist and Catherine H. Feist, which is recorded in the York County Registry of Deeds in **Book 2557, Page 62**, the property situated at 1634 H Road, County of York, and State of Maine, was conveyed to the Defendant, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7.  On February 23, 2007, the Defendant, Virginia M. DeBoer, executed and delivered to EquiFirst Corporation a certain Note in the amount of $140,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8.  To secure said Note, on February 23, 2007, the Defendant, Virginia M. DeBoer, executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for EquiFirst Corporation, securing the property located at 1634 H Road, Acton, ME 04001 which mortgage deed is recorded in the York County Registry of Deeds in **Book 15093, Page 0562**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9.  The Mortgage was then assigned to Selene Residential Mortgage Opportunity Fund 2009-1Trust by virtue of an Assignment of Mortgage dated July 23, 2010 and recorded in the York County Registry of Deeds in **Book 15908, Page 469**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then further assigned to J.P. Morgan Mortgage Acquisition Corp. by virtue of an Assignment of Mortgage dated July 12, 2013 and recorded in the York County Registry of Deeds in **Book 16657, Page 900**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, by virtue of a Correction Assignment of Mortgage dated October 6, 2014 and recorded in the York County Registry of Deeds in **Book 17262, Page 242.**   *See* Exhibit F (a true and correct copy of the Correction Assignment of Mortgage is attached hereto and incorporated herein)

12. The transfer of all the rights contained in the Mortgage to the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is further ratified and confirmed by the Quitclaim Assignment dated June 10, 2016 and recorded in the York County Registry of Deeds in **Book 17262, Page 245.**   *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein.

13. On November 30, 2016, the Defendant, Virginia M. DeBoer, was sent a Notice of Mortgagor's Right to Cure, which was received on December 14, 2016 (herein after referred to as the "Demand Letter").  *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Virginia M. DeBoer, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

15. The Defendant, Virginia M. Deboer, has failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of February 6, 2017, if no payments are made, is One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), which includes unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Five Hundred Eighty Nine Dollars and Thirteen Cents ($133,589.13); Accrued Interest in the amount of Fifty Three Thousand Eight Hundred Forty Three Dollars and Fourteen Cents ($53,843.14); Escrow Advance in the amount of Ten Thousand One Hundred Sixteen Dollars and Ten Cents ($10,116.10); Suspense Balance in the amount of One Thousand Forty Seven Dollars and Ninety Eight Cents ($-1,047.98); Accumulated Late Charges in the amount of One Hundred Fifty Three Dollars and Thirty Three Cents ($153.33); and Recoverable Balance in the amount of Four Hundred Sixty Six Dollars and Zero Cents ($466.00).

19. Upon information and belief, the Defendant, Virginia M. Deboer, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 1634 H Road, Acton, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

23. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Virginia M. DeBoer, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2011, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of February 6, 2017, if no payments are made, is One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), which includes unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Five Hundred Eighty Nine Dollars and Thirteen Cents ($133,589.13); Accrued Interest in the amount of Fifty Three Thousand Eight Hundred Forty Three Dollars and Fourteen Cents ($53,843.14); Escrow Advance in the amount of Ten Thousand One Hundred Sixteen Dollars and Ten Cents ($10,116.10); Suspense Balance in the amount of One Thousand Forty Seven Dollars and Ninety Eight Cents ($-1,047.98); Accumulated Late Charges in the amount of One Hundred Fifty Three Dollars and Thirty

Three Cents ($153.33); and Recoverable Balance in the amount of Four Hundred Sixty Six

Dollars and Zero Cents ($466.00).

26. The record established through the York County Registry of Deeds indicates that there are

no public utility easements recorded subsequent to the Mortgage and prior to the

commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff, Christiana Trust, a Division

of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust,

Series 2013-10, hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Virginia M.

DeBoer, on November 30, 2016, and received on December 14, 2016.  *See* Exhibit H

29. The Defendant is not in the Military.  *See* Exhibit I (a true and correct copy of the Affidavit

Relating to Military Search is attached hereto and incorporated herein).

## <u>COUNT II – BREACH OF NOTE</u>

30. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as

Trustee for Normandy Mortgage Loan Trust, Series 2013-10, repeats and re-alleges

paragraphs 1 through 29 as if fully set forth herein.

31. On February 23, 2007, the Defendant, Virginia M. DeBoer, executed and delivered to

EquiFirst Corporation a certain Note in the amount of $140,000.00.  *See* Exhibit B.

32. The Defendant, Virginia M. DeBoer, is in default for failure to properly tender the

December 1, 2011 payment and all subsequent payments.  *See* Exhibit H.

33. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as

Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the proper holder of the

Note and is entitled to enforce the terms and conditions of the Note due to its breach by

the Defendant, Virginia M. DeBoer.

34. The Defendant, Virginia M. DeBoer, has failed to comply with the terms of the Note and Mortgage, and is in breach of both the Note and the Mortgage.

35. Defendant Virginia M. DeBoer's breach is knowing, willful, and continuing.

36. Defendant Virginia M. DeBoer's breach has caused the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of February 6, 2017, if no payments are made, is One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), which includes unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Five Hundred Eighty Nine Dollars and Thirteen Cents ($133,589.13); Accrued Interest in the amount of Fifty Three Thousand Eight Hundred Forty Three Dollars and Fourteen Cents ($53,843.14); Escrow Advance in the amount of Ten Thousand One Hundred Sixteen Dollars and Ten Cents ($10,116.10); Suspense Balance in the amount of One Thousand Forty Seven Dollars and Ninety Eight Cents ($-1,047.98); Accumulated Late Charges in the amount of One Hundred Fifty Three Dollars and Thirty Three Cents ($153.33); and Recoverable Balance in the amount of Four Hundred Sixty Six Dollars and Zero Cents ($466.00).

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendant Virginia M. DeBoer, entered into a written contract with EquiFirst Corporation who agreed to loan the amount of $140,000.00 to the Defendant, Virginia M. DeBoer. *See* Exhibit B.

41. As part of this contract and transaction, the Defendant, Virginia M. DeBoer, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the proper holder of the Note and successor-in-interest to EquiFirst Corporation, and has performed its obligations under the Note and Mortgage.

43. The Defendant, Virginia M. DeBoer, has breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2011, payment and all subsequent payments. *See* Exhibit H.

44. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Virginia M. DeBoer.

45. The Defendant, Virginia M. DeBoer, has failed to comply with the terms of the Note and Mortgage, and is in breach of contract.

46. The Defendant, Virginia M. Deboer, is indebted to the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, in the sum of One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), for money lent by the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, to the Defendant, Virginia M. DeBoer.

47. Defendant Virginia M. DeBoer's breach is knowing, willful, and continuing.

48. Defendant Virginia M. DeBoer's breach has caused the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of February 6, 2017, if no payments are made, is One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), which includes unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Five Hundred Eighty Nine Dollars and Thirteen Cents ($133,589.13); Accrued Interest in the amount of Fifty Three Thousand Eight Hundred Forty Three Dollars and Fourteen Cents ($53,843.14); Escrow Advance in the amount of Ten Thousand One Hundred Sixteen Dollars and Ten Cents ($10,116.10); Suspense Balance in the amount of One Thousand Forty Seven Dollars and Ninety Eight Cents ($-1,047.98); Accumulated Late Charges in the amount of One Hundred Fifty Three Dollars and Thirty Three Cents ($153.33); and Recoverable Balance in the amount of Four Hundred Sixty Six Dollars and Zero Cents ($466.00).

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. EquiFirst Corporation, predecessor-in-interest to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, loaned the Defendant, Virginia M. DeBoer, $140,000.00. *See* Exhibit B.

53. The Defendant, Virginia M. DeBoer, is in default for failure to properly tender the December 1, 2011 payment and all subsequent payments. *See* Exhibit H.

54. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Virginia M. DeBoer, has been unjustly enriched at the expense of the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10.

55. As such, the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

56. The Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. EquiFirst Corporation, predecessor-in-interest to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, loaned the Defendant, Virginia M. DeBoer, $140,000.00. *See* Exhibit B.

58. The Defendant, Virginia M. DeBoer, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59. As a result, the Defendant, Virginia M. DeBoer, has been unjustly enriched to the detriment of the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, as successor-in-interest to EquiFirst Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, prays this Honorable Court:

a)  Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b)  Grant possession to the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, upon the expiration of the period of redemption;

c)  Find that the Defendant, Virginia M. DeBoer, is in breach of the Note by failing to make payment due as of December 1, 2011, and all subsequent payments;

d)  Find that the Defendant, Virginia M. DeBoer, is in breach of the Mortgage by failing to make payment due as of December 1, 2011, and all subsequent payments;

e)  Find that the Defendant, Virginia M. DeBoer, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Virginia M. DeBoer, is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due December 1, 2011 and all subsequent payments;

g) Find that Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, Virginia M. DeBoer, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles Plaintiff to restitution;

j) Find that the Defendant, Virginia M. DeBoer, is liable to the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, for money had and received;

k) Find that the Defendant, Virginia M. DeBoer, is liable to the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, for quantum meruit;

l) Find that the Defendant, Virginia M. DeBoer, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Virginia M. DeBoer, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, is entitled to restitution for this benefit from the Defendant, Virginia M. DeBoer;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Virginia M. DeBoer, and in favor of the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10, in the amount of One Hundred Ninety Seven Thousand One Hundred Ten Dollars and Seventy Two Cents ($197,110.72), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-10,
By its attorneys,

Dated: February 6, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670